# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0180
Lower Tribunal No. 16-18692-CA-01
_____


**Jason Saint Fleur,**
Appellant,

vs.

**Deutsche Bank National Trust Company, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

David J. Winker, P.A., and David J. Winker, for appellant.

McGuireWoods LLP, and Sara F. Holladay, Emily Y. Rottmann, and Kathleen Dackiewicz (Jacksonville), for appellees.


Before EMAS, MILLER, and GORDO, JJ.

GORDO, J.

Jason Saint Fleur ("Saint Fleur") appeals from an amended final summary judgment of foreclosure entered in favor of Deutsche Bank National Trust Company as Trustee for GSAA Home Equity Trust 2006-17 Asset-Backed Certificated Series 2006-17 ("Deutsche Bank"). We affirm.

Saint Fleur argues the trial court failed to make the requisite findings in order to enter summary judgment. We are precluded from reaching the merits of this argument because the record does not include a transcript from the summary judgment hearing. In the absence of a transcript, we cannot determine whether the trial court satisfied the statement-on-the-record requirement via oral pronouncement. Thus, we are compelled to affirm. See Hardison v. Bank of New York Mellon, 399 So. 3d 1173, 1174 (Fla. 3d DCA 2024) ("A ruling on a motion for summary judgment is subject to de novo review. On appeal, the Hardisons argue the trial court failed to make required findings of fact in the final summary judgment of foreclosure. Florida's new summary judgment rule states that a trial court ruling on a summary judgment motion shall state on the record the reasons for granting or denying the motion. . . . The trial court can satisfy this requirement by stating its reasons in the order granting final summary judgment or by oral pronouncement. This Court is precluded from reaching the merits of the Hardisons' sole issue on appeal . . . . [T]he record does not include a

2

transcript from the summary judgment hearing. Without a transcript, this Court cannot determine whether the trial court satisfied the statement on the record requirement via oral pronouncement. . . . [W]e are compelled to affirm.") (internal quotation marks and citations omitted).

Affirmed.